1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11

12   PAMELA LYNN RUX,

13                    Plaintiff,              CIV S-05-2299 MCE PAN

14              v.

15   STARBUCKS CORPORATION, a                      ORDER
     Washington corporation; and
16   DOES I through XX, inclusive;

17                    Defendants.

18                              —    —

19        On February 1, 2006, the parties filed a stipulation and

20   proposed protective order that would permit any party or third

21   party to designate as "Confidential" any material that

22   "constitutes or includes proprietary business or financial, or

23   personal information or information furnished to it in confidence

24   by any third-party, which information is not known or freely

25   accessible to the general public" or "would violate the

26   legitimate privacy interests of either party or third parties."

The proposed order would allow any party to pursue an ex parte motion on shortened time to file "Confidential" material under seal in this court.

For the reasons set forth below, the proposed order is denied without prejudice to this court's consideration of a more narrowly drawn request for protective order consistent with the principles set forth below and made by motion pursuant to Fed. R. Civ. P. 26(c).

There exists in the Ninth Circuit a strong presumption in favor of public access to court records in civil cases. Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003)(citing Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995)). The fruits of pretrial discovery are presumptively public. San Jose Mercury News, Inc. v. U.S. District Court, 187 F.3d 1096, 1102 (9th Cir. 1999); Citizens First Nat'l Bank v. Cincinnati Ins. Co., 178 F.3d 943, 944-45 (7th Cir. 1999) ("[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding.").

On the other hand, there is no public interest in documents exchanged between the parties in pretrial discovery that are not filed with the court, and the parties may do as they agree among themselves without approval of the court regarding classification of such documents as confidential. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 33 (1984)("[m]uch of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause

of action").

The public right of access surfaces when parties seek to seal documents filed in conjunction with a discovery motion and ripens when documents are filed in conjunction with a dispositive motion or at trial.  When parties rely upon and file documents to support motions requiring a decision on the merits of a pending dispute, i.e., by dispositive motion, the public interest in access to court records grows stronger, see Foltz, 331 F.3d at 1135 (citing Rushford v. The New Yorker Magazine, 846 F.2d 249, 252 (4th Cir. 1988)), and is at its zenith in the context of civil trial, Hagestad, 49 F.3d 1424.

When parties make a discovery motion that requires consideration of potentially confidential documents, the public interest in understanding the proceedings must be balanced against the interests of the parties in avoiding unwarranted disclosure of proprietary information, infringement of trade secrets, and the like.  The confidentiality of discovery documents is governed by Fed. R. Civ. P. 26(c), which provides: "Upon motion by a party or by a person from whom discovery is sought . . . and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  The party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted.  Phillips v. General Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002); see

San Jose Mercury News, 187 F.3d at 1102 (holding that to gain a
protective order the party must make "particularized showing of
good cause with respect to any individual document"); Beckman
Indus., Inc. v. International Ins. Co., 966 F.2d 470, 476 (9th
Cir. 1992) (holding that "broad allegations of harm,
unsubstantiated by specific examples or articulated reasoning, do
not satisfy the Rule 26(c) test").

        If a court finds specific harm will result from
disclosure of information to the public, then it balances the
public and private interests to decide whether a protective order
is necessary.  Phillips, 307 F.3d at 1211; Glenmede Trust Co. v.
Thompson, 56 F.3d 476, 483 (3d Cir. 1995).  Several factors,
which are neither mandatory nor exhaustive, may be considered in
evaluating whether good cause for a protective order exists,
including (1) whether disclosure will violate privacy interests,
(2) whether the information is being sought for a legitimate
purpose, (3) whether disclosure will cause a party embarrassment,
(4) whether confidentiality is being sought over information
important to public health and safety, (5) whether the sharing of
information among litigants will promote fairness and efficiency,
(6) whether the putative beneficiary of the order is a public
entity or official entitled to less protection than a private
person, and (7) whether the case involves issues important to the
public.  Glenmede, 56 F.3d at 483.

        If a protective order is warranted it should be limited
in scope and narrowly tailored, protecting only that information

necessary to guard the movant's privacy or property rights, or both, and no more.  See Citizens, 178 F.3d at 945.  Blanket stipulated protective orders are disfavored; they are inherently subject to challenge and modification because the party resisting disclosure has not made a particularized showing of good cause with respect to an individual document.  San Jose Mercury News, 187 F.3d at 1103.

The proposed protective order does not allow for the kind of balancing this court must undertake.  Significant matters of public interest are presented by this case, even at the discovery phase.  The public's interest in Starbuck's employment practices is substantial, and plaintiff's initiation of this lawsuit necessarily diminishes her right to withhold pertinent private information.

Consideration must also be given to the sealing orders have on the clerk of court, law clerks, and judges assigned to this case, both to observe the order and to specially handle sealed documents.[1]

Accordingly, the proposed order is denied without prejudice to consideration of a narrowly drawn motion for protective order made pursuant to Fed. R. Civ. P. 26(c), and in

---

[1]  When documents are sealed, they must be described obscurely in the docket, which degrades the usefulness of the docket as an index.  The documents are sealed, literally, in separate envelopes and kept in a safe.  No law clerk or judge can retrieve the court file for comprehensive review without "checking out" the sealed documents from the safe.  Hearings become awkward because of concern about observing the sealing order.  Writing decisions about the merits is made more difficult and time consuming.

compliance with E. D. Cal. L. R. 37-251.

So ordered.

Dated:  February 6, 2006.

/s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge