UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PAMELA LYNN RUX,                         NO. 2:05-cv-2299-MCE-EFB

      Plaintiff,

  v.                                      ORDER

STARBUCKS CORPORATION,
a Washington corporation;
and DOES I through XX,
inclusive,

      Defendants.

----oo0oo----

On January 19, 2007, counsel for Plaintiff Pamela Lynn Rux filed a request to continue the February 12, 2007 hearing on Defendant Starbucks' Motion for Summary Judgment (filed January 12, 2007) pursuant to Federal Rule of Civil Procedure Rule 56(f). Plaintiff contends that she needs the deposition of Nancy Beall, which is currently set for February 9, 2007, in order to adequately oppose Starbucks' Motion. Alternatively, Plaintiff asks that Defendants' Motion be denied pending Ms. Beall's deposition. Starbucks has not opposed Plaintiff's request.
///

1

1    The Declaration of Victoria M. Ciganda filed in support of
2 Plaintiff's request indicates that Plaintiff's counsel has
3 attempted to schedule the deposition of Ms. Beall since June of
4 2006.  (Ciganda Decl., ¶ 4).  Plaintiff's papers also detail how
5 Ms. Beall's deposition testimony may be crucial in opposing
6 Starbuck's Motion for Summary Judgment.  (Plaintiff's Moving
7 Papers, 8:4-23).
8    Rule 56(f) provides for continuance of a summary judgment
9 motion under such circumstances, stating in pertinent part as
10 follows:

> **(f) When Affidavits are Unavailable.**  Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Rule 56(f) confers the court with discretion to order that additional discovery be completed before to summary judgment, or to "make such order as it just" to "protect parties from a premature grant of summary judgment." Weinberg v. Whatcom County, 241 F.3d 746, 750 (9th Cir. 2001).  "A district court should continue a summary judgment upon a good faith showing by affidavit that the continuance is needed to obtain facts essential to preclude summary judgment." Id. at 750, citing Cal. Campbell, 138 F.3d 772, 779 (9th Cir. 1998).

///
///
///

1      Because Plaintiff alleges that Ms. Beall's deposition is
2 crucial in obtaining facts necessary to show that Starbucks
3 engaged in discriminatory conduct towards Plaintiff, because
4 Plaintiff has been attempting to obtain Ms. Beall's deposition
5 for many months, and because Starbucks agreed to produce Ms.
6 Beall for deposition prior to expiration of the discovery cutoff
7 in this matter on January 15, 2007, the Court finds that
8 Plaintiff has shown good cause for continuing the hearing on
9 Starbucks' Motion for Summary Judgment, particularly given
10 Starbucks' apparent non-opposition to Plaintiff's request.  The
11 hearing on said Motion for Summary Judgment is hereby continued
12 to April 2, 2007 at 9:00 a.m.  The deadlines for opposition and
13 reply, if any, shall be calculated in advance of that continued
14 date in accordance with Local Rule 78-230(c).  The discovery
15 cutoff in this matter is extended for the sole purpose of
16 obtaining Nancy Beall's deposition on February 9, 2007.
17      IT IS SO ORDERED.

Dated: January 26, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

3