IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAMELA LYNN RUX,

    Plaintiff,                                      CIV S-05-2299 MCE EFB

vs.

STARBUCKS CORPORATION,                <u>ORDER</u>

    Defendant.

_____/

This case was before the undersigned on March 28, 2007, for hearing on plaintiff's motion for attorney's fees and sanctions pursuant to 28 U.S.C. § 1927 and the court's inherent powers.[1] Victoria Ciganda appeared as counsel for plaintiff. Gigi C. Hoang appeared as counsel for defendant.

**I. BACKGROUND**

This case is proceeding on the complaint filed November 14, 2005. Plaintiff, who worked for defendant as a store manager, was terminated in July 2005. Plaintiff alleges employment discrimination and wrongful termination on the basis of sexual orientation under the Fair Employment and Housing Act, Cal. Gov't Code §§ 12900 *et seq.*, and other state law

---

[1] The motion was referred to the undersigned by the district judge on March 2, 2007, pursuant to E.D. Cal. L.R. 72-302(c)(1).

theories. Plaintiff brings the present motion for sanctions under 28 U.S.C. § 1927 and the court's inherent power for defense counsel's dilatory tactics during the discovery phase of this litigation.

Plaintiff seeks sanctions in the amount of $1,406.25 for the time spent in addressing repeated delays caused by defendant's attorneys. Although plaintiff's initial motion was styled as seeking sanctions against the defendant, plaintiff clarified in her reply brief filed September 26, 2007, that she seeks sanctions against defendant's counsel under section 1927. Although plaintiff has also moved for sanctions under the court's inherent powers, the court finds that sanctions are appropriate against defense counsel under section 1927, and bases its order on that provision.

## II. ANALYSIS

### A. Section 1927 Standards

Section 1927 permits recovery of excess costs, including attorney's fees, against an attorney who unreasonably and vexatiously multiplies proceedings. A section 1927 award requires a finding that the attorney to be assessed not only multiplied the proceedings but did so recklessly or in bad faith. *Goehring v. Brophy*, 94 F.3d 1294, 1306 (9th Cir. 1996); *Kanarek v. Hatch*, 827 F.2d 1389, 1391 (9th Cir.1987).

If a court bases section 1927 sanctions on a finding of bad faith, the award "must be supported by a finding of subjective bad faith." *Moore v. Keegan Mgmt. Co. (In re Keegan Mgmt. Co., Sec. Litig.)*, 78 F.3d 431, 436 (9th Cir. 1996). However, a finding of mere recklessness suffices to support sanctions under § 1927. *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001).

Section 1927 "applies only to unnecessary filings and tactics once a lawsuit has begun." *In re Keegan,* 78 F.3d at 435. "Section 1927 only authorizes the taxing of excess costs arising from an attorney's unreasonable and vexatious conduct; it does not authorize imposition of sanctions in excess of costs reasonably incurred because of such conduct." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002).

### B. Defense Counsel's Conduct

Here, defense counsel has unduly delayed, complicated and needlessly increased plaintiff's cost in the completion of discovery, and has done so in a manner that is, at best, reckless. The discovery deadline in this case has been extended three times, in large part due to delay caused by defense counsel. The original discovery deadline was set for September 20, 2006. In late April 2006, plaintiff timely initiated discovery. Plaintiff sought agreeable dates to take the deposition of Chris Frickstad, a Starbucks district manager involved with plaintiff's termination, and a key witness in the case. *See* Declaration of Victoria M. Ciganda ("Ciganda Decl."), at ¶¶ 3, 4; Exhibit B thereto. Plaintiff noticed Ms. Frickstad's deposition for June 22, 2006, but the deposition was cancelled at the request of defense counsel, David R. Ongaro. Ciganda Decl., at ¶¶ 4,5. On June 6, 2006, plaintiff requested available deposition dates from Mr. Ongaro. *Id.*, at ¶ 5. Soon thereafter on June 21, 2006, plaintiff again sought available dates for Ms. Frickstad's deposition from Mr. Ongaro. *Id.*, at ¶ 6; Exh. C. Plaintiff's counsel received no response. *Id.*, at ¶ 7. Plaintiff's counsel sent Mr. Ongaro another letter on August 7, 2006, again seeking dates for Ms. Frickstad's deposition. *Id.*, at ¶ 7; Exh. D.

Finally, Ms. Frickstad's deposition was noticed for September 22, 2006, which date was confirmed by defense counsel, David R. Burtt, on September 1, 2006.[2] *Id.*, at ¶ 7, 9; Exh. E-F. However, on September 19, 2006, defense counsel, Ms. Hoang, advised plaintiff's counsel that Ms. Frickstad was unavailable. *Id.*, at ¶ 10; Exh. G. That same day, plaintiff's counsel asked Ms. Hoang for additional dates for Ms. Frickstad's deposition. *Id.* After not hearing from defense counsel, plaintiff's counsel again sought available dates from defense counsel on October 2, 2006. *Id.*, at ¶ 11; Exh. H. More than a month passed, and plaintiff's counsel still received no response from defense counsel. *Id.*, at ¶ 12; Exh. I.

////

---

[2] On September 8, 2007, the district judge extended the discovery deadline to November 17, 2006.

3

With less than two weeks remaining before the cut-off of discovery, plaintiff's counsel ceased trying to contact defense counsel for available dates, and noticed Ms. Frickstad's deposition for November 14, 2006. *Id.*, at ¶ 12; Exh. I. On November 13, 2006 – four days before the discovery cut-off date – Ms. Hoang notified plaintiff's counsel that Ms. Frickstad had moved out of state and would be unable to attend the November 14, 2006, deposition due to the "great inconvenience" caused by the distance. *Id.*, at ¶ 13; Exh. J. Plaintiff's counsel responded the next day, objecting to Ms. Frickstad's refusal to travel and indicating that she would file a motion to compel her deposition in Sacramento, if necessary. *Id.*, at ¶ 15; Exh. K.[3]

Given the looming November 17, 2006, discovery deadline, the district judge again extended the discovery deadline to January 15, 2007. *Id.*, at ¶ 16; Exh. L. However, on November 22, 2006, Mr. Burtt and Mr. Ongaro filed a notice of their unavailability from November 27, 2006 through December 15, 2006, and of Mr. Burtt's further unavailability through January 5, 2007. *Id.*, at ¶ 17; Exh. M.

On December 20, 2006, plaintiff's counsel wrote a letter to Ms. Hoang indicating that if defendant still refused to produce Ms. Frickstad for deposition in Sacramento, she would file a motion to compel her attendance, which she had already drafted and was prepared to file. *Id.*, at ¶ 19; Exh. O. That same day, defense counsel agreed to produce Ms. Frickstad in Sacramento, and plaintiff noticed the deposition for January 11, 2006. *Id.*, at ¶ 20; Exh. P. On January 11, 2007, plaintiff's counsel proceeded with Ms. Frickstad's deposition, only to learn for the first time from Ms. Frickstad *during the course of her testimony* that she had, in fact, never moved out of state. *Id.*, at ¶ 25; Exh. T; Reply to Defendant's Opposition, at 4:2-4.

////

---

[3] Had this witness truly moved out of the area during the period of time that defense counsel cancelled and then repeatedly delayed rescheduling of the witness' deposition -- until just prior to the close of discovery, that fact alone would have warranted an award of costs to opposing counsel for the additional expense of completing the deposition as a sanction. However, as noted below, the circumstances here are even more compelling. The witness, Ms. Frickstad, did not move out of state.

4

1	Defense counsel claims the representation that Ms. Frickstad had moved out of town was
2	a mistake that was not discovered until December 20, 2006 – the same day plaintiff's counsel
3	informed them she would file a motion to compel.  Declaration of David R. Burtt, at ¶ 6.
4	Although it may have been a genuine mistake on defense counsel's part, that mistake was
5	reckless and caused plaintiff's counsel to spend needless time in responding to defense counsel's
6	position that it would not produce Ms. Frickstad for deposition in Sacramento.  This included the
7	needless preparation of a motion to compel the deposition.  Further, the court finds the
8	misrepresentation to be reckless in light of defense counsel's advance notice of plaintiff's
9	intention to depose Ms. Frickstad, and her repeated attempts to do so.  Diligent compliance with
10	defense counsel's duty to cooperate with discovery would have included promptly confirming
11	with the witness a new date for deposition shortly after defense counsel requested that the earlier
12	scheduled date be cancelled.  To state it mildly, this was not done.  Moreover, instead of taking
13	the time to verify Ms. Frickstad's whereabouts once defense counsel focused on resetting the
14	deposition date, Ms. Hoang sent plaintiff's counsel a curt letter *three days before the discovery*
15	*deadline*, notifying her that Ms. Frickstad had moved to Boston and would not appear for
16	deposition in Sacramento due to the "great inconvenience."  Ciganda Decl., at ¶ 13; Exh. J.
17	Although Ms. Hoang agreed in that letter to extend the discovery deadline, the court admonishes
18	her that such "agreement" is ineffective without a court order.  Fed. R. Civ. P. 16(b) ("A
19	schedule shall not be modified except upon a showing of good cause and by leave of the district
20	judge.").  The parties have no basis for taking it as a given that the court would approve still
21	further modifications to the scheduling order, and they should not conduct discovery in a way
22	that necessitates multiple extensions.
23	Moreover, it is troubling that defense counsel failed to extend any kind of professional
24	courtesy towards plaintiff's counsel after discovering the purported mistake, choosing instead to
25	let her learn of Ms. Frickstad's true whereabouts during the deposition weeks later.  Exh. O to
26	Ciganda Decl.  Defense counsel's conduct – their failure to timely respond to plaintiff's requests

5

1 for deposition dates; their repeated delays in agreeing to a deposition date, which resulted in the
2 filing of multiple requests for modifications of the scheduling order; their reckless
3 misrepresentation regarding the witness's whereabouts (whether mistaken or not); their refusal to
4 produce Ms. Frickstad until plaintiff's counsel indicated a motion to compel was drafted and
5 ready to file; and, their decision to let plaintiff's counsel learn of Ms. Frickstad's true
6 whereabouts during the deposition – amounts to the type of reckless conduct sufficient to justify
7 sanctions under section 1927.

8     Defense counsel caused similar unnecessary delay in arranging the deposition of another
9 witness in its control – Nancy Beall, a Starbucks district manager and witness in the case. *See*
10 Complaint, at ¶ 14.  Again, defense counsel ignored or rebuffed several requests by plaintiff's
11 counsel for available dates to depose Ms. Beall.  In fact, plaintiff's counsel began seeking
12 agreeable dates in June 2006, but was not able to depose this witness until February 9, 2007 – a
13 date that necessitated a third extension of the discovery deadline.  Ciganda Decl., at ¶ 12; Exh.
14 C-D.

15     The court also notes that defendant, after having prevented for months the deposition of
16 two material witnesses, filed a motion for summary judgment just one day after Ms. Frickstad's
17 deposition, and twenty eight days *before* plaintiff was able to depose Ms. Beall.  Plaintiff's
18 counsel was thus forced to seek a continuance under Fed. R. Civ. P. 56(f), which the court
19 granted, to enable plaintiff to meaningfully oppose defendant's motion.

20     Defense counsel's conduct throughout the discovery phase of this litigation, and its
21 timing of a motion for summary judgment knowing that crucial depositions had been repeatedly
22 delayed, caused unnecessary expense on the part of plaintiff.  It necessitated multiple requests
23 for discovery deadline extensions, the preparation by plaintiff of a discovery motion as well as
24 the Rule 56(f) motion.  The court therefore finds that defense counsel unreasonably  "multiplied"
25 proceedings within the meaning of section 1927, and that it was reckless in doing so.
26 ////

1  Plaintiff does not seek punitive sanctions, but only reimbursement for fees incurred in
2  responding to defense counsel's repeated delays. *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091,
3  1107 (9th Cir. 2002) (section 1927authorizes the taxing of excess costs arising from an
4  attorney's unreasonable conduct).  Plaintiff's counsel's hourly rate is $225.00.  She avers that
5  she has spent at least 6.25 hours responding to defendant's dilatory tactics (including scheduling,
6  canceling, and rescheduling court reporting services, drafting and serving deposition notices,
7  researching and drafting a motion to compel, and drafting plaintiff's portion of a related joint
8  statement regarding the dispute, which was ultimately never filed given defendant's last minute
9  agreement to produce Ms. Frickstad in Sacramento).  Ciganda Decl., at ¶ 27.

10 The court finds plaintiff's request to be reasonable and adds to the requested $1,406.25
11 an additional $337.50 for the one and one-half hour spent attending the March 28, 2007 law and
12 motion calendar for hearing on the instant motion.

13 **III.  CONCLUSION**

14 In accordance with the foregoing, plaintiff's motion for sanctions under 28 U.S.C. § 1927
15 is granted.  Defense counsel (Ms. Hoang, Mr. Ongaro, and Mr. Burtt) are ordered to pay (jointly
16 and severally) a total of $1,743.75 for fees incurred by plaintiff in responding to unreasonable,
17 dilatory conduct during the discovery phase of this litigation.

18 This sum shall be paid to plaintiff's counsel no later than thirty (30) days from the
19 effective date of this order.  Counsel shall file an affidavit accompanying the payment of this
20 sanction which states that it is paid personally by counsel, out of personal funds, and is not and
21 will not be billed, directly or indirectly, to the client or in any way made the responsibility of the
22 client as attorneys' fees or costs.

23 SO ORDERED.
24 DATED: April 11, 2007.

*[signature]*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

7