UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA


PAMELA LYNN RUX,

            Plaintiff,

      v.

STARBUCKS CORPORATION, a
Washington Corporation,

            Defendant.

2:05-CV-02299-MCE-EFB

<u>MEMORANDUM AND ORDER</u>

    Through the present action, Plaintiff Pamela Lynn Rux alleges Defendant Starbucks Corporation ("Defendant") discriminated against her based on her sexual orientation in violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12900 *et seq.*; retaliated against her in violation of Cal. Gov't Code § 12940; wrongfully terminated her in violation of public policy; engaged in negligent hiring, supervision, training and retention; committed negligence; and engaged in negligent infliction of emotional distress.[1]

---

[1]Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal.
(continued...)

1

Presently before the Court is Defendants' Motion for Summary Judgment on all Plaintiff's claims.  For the reasons set forth below, Defendants' Motion is denied in part and granted in part.

## BACKGROUND

Plaintiff, Pamela Lynn Rux, began her employment with Defendant Starbucks Corporation in late 1996.  Between January of 2002, through her termination in July of 2005, Plaintiff acted as a Store Manager for Starbucks located at 3815 J Street ("J Street Store").  In May of 2004, Melissa McKay ("McKay") was hired as an Assistant Store Manager and was assigned to the J Street Store for training.  Sometime thereafter, Ms. McKay and Plaintiff became romantically involved.

Beginning as early as 2001, Plaintiff contends Starbucks' management made offensive comments regarding her sexual orientation.  Specifically, Plaintiff alleges Nancy Beall ("Beall"), a Starbucks District Manager, stated that if Plaintiff wanted to be promoted, she would need to move somewhere that lesbians are accepted.  In early 2002, Plaintiff elected to apply for a Regional Recruiter position and sought a letter of recommendation from Beall.  After initially agreeing to Plaintiff's request, Beall later refused to write the letter. Plaintiff now contends Beall's refusal resulted in Plaintiff not being accorded an interview for the position.

---

[1](...continued)
Local Rule 78-230(h).

By May of 2004, Plaintiff's relationship with Beall had deteriorated to the extent that Beall took corrective action against Plaintiff.  On June 15, 2004, Beall issued a Corrective Action against Plaintiff stating that Plaintiff "gossips and slanders people in conversation."  Plf.s' Stmt. Disp. Facts ¶ 108.  By July, 2004, Plaintiff was relieved of her position as a trainer in the company.

As a result of the foregoing, Plaintiff voiced repeated complaints to Starbucks' management about the treatment she received from Beall including Beall's refusal to tender a letter of recommendation; Beall's comments regarding Plaintiff's sexual orientation; and the Corrective Action issued against her.

In March of 2005, Plaintiff advised her then District Manager, Chris Frickstad ("Frickstad"), and her Partner Resources Manager, Tanya Hansen ("Hansen"), that she intended to transfer to Austin, Texas later that year.  Plaintiff conveyed to Hansen her feeling that she had been discriminated against based on her sexual orientation.  Hansen requested that Plaintiff reconsider her transfer but Plaintiff was not persuaded.  Hansen then agreed to assist Plaintiff with the transition.

In June of 2005, Hansen asked McKay if McKay were planning to transfer any time in the foreseeable future.  McKay indicated she was planning a transfer to Austin, Texas.  Soon thereafter, Plaintiff and McKay informed Frickstad they were in a committed relationship and were taking a vacation to Austin together.  On July 13, 2005, Frickstad and Hansen appeared at Plaintiff's store and asked to have a private conversation with her.

///

1  Frickstad and Hansen then questioned Plaintiff about her
2  relationship with McKay.  Plaintiff confirmed she and McKay had
3  been in a committed relationship for over a year.  Plaintiff was
4  asked if she was aware of the policy concerning close working
5  relationships.  Plaintiff replied that she was.  Plaintiff was
6  then suspended pending further investigation.  On July 14, 2005,
7  Plaintiff was terminated allegedly for violating the conflict of
8  interest, anti-harassment, and close relationship policies.

9      Plaintiff filed a complaint with the California Department of
10 Fair Employment and Housing ("DFEH") on or around September 12,
11 2005.  Plaintiff received a Notice of Right to Sue on September
12 15, 2005.

13
14                          **STANDARD**
15
16     The Federal Rules of Civil Procedure provide for summary
17 judgment when "the pleadings, depositions, answers to
18 interrogatories, and admissions on file, together with
19 affidavits, if any, show that there is no genuine issue as to any
20 material fact and that the moving party is entitled to a judgment
21 as a matter of law."  Fed. R. Civ. P. 56(c).  One of the
22 principal purposes of Rule 56 is to dispose of factually
23 unsupported claims or defenses.  *Celotex Corp. v. Catrett*, 477
24 U.S. 317, 325 (1986).
25 ///
26 ///
27 ///
28 ///

4

Rule 56 also allows a court to grant summary adjudication on part of a claim or defense. *See* Fed. R. Civ. P. 56(a) ("A party seeking to recover upon a claim ... may ... move ... for a summary judgment in the party's favor upon all or any part thereof."); *see also Allstate Ins. Co. v. Madan*, 889 F. Supp. 374, 378-79 (C.D. Cal. 1995); *France Stone Co., Inc. v. Charter Twp. of Monroe*, 790 F. Supp. 707, 710 (E.D. Mich. 1992).

The standard that applies to a motion for summary adjudication is the same as that which applies to a motion for summary judgment. *See* Fed. R. Civ. P. 56(a), 56(c); *Mora v. ChemTronics*, 16 F. Supp. 2d. 1192, 1200 (S.D. Cal. 1998).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. at 323 (quoting Rule 56(c)).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986); *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968).

In attempting to establish the existence of this factual dispute, the opposing party must tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(e).

The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 251-52 (1986); *Owens v. Local No. 169, Assoc. of W. Pulp and Paper Workers*, 971 F.2d 347, 355 (9th Cir. 1987). Stated another way, "before the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." *Anderson*, 477 U.S. at 251 (quoting *Improvement Co. v. Munson*, 14 Wall. 442, 448, 20 L.Ed. 867 (1872)). As the Supreme Court explained, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts .... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 586-87.

In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. *Anderson*, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985).

6

**ANALYSIS**

**I.   Discrimination**

California's FEHA prohibits discrimination based on a person's sexual orientation.  Cal. Gov't Code § 12940(a).  Specifically, FEHA explains that it shall be an unlawful employment practice for an employer, because of ... sexual orientation, to discriminate against a person in compensation or in terms, conditions, or privileges of employment.  *See id.*  In a claim for such discrimination, gender must be a "'substantial factor'" i.e., the adverse action must be because of sex or sexual orientation.  *Accardi v. Super. Ct.*, 17 Cal. App. 4th 341, 348 (1993).

Under the *McDonnell Douglas* test for FEHA discrimination claims, the plaintiff can establish a prima facie case by showing: (1) she belongs to a protected class, (2) she was performing according to her employer's legitimate expectations, (3) she suffered an adverse employment action, and (4) some other circumstance indicates a discriminatory motive, such as similarly qualified individuals being treated more favorably.[2]  *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802-803, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973); *see also Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir. 1998).

---

[2]Generally, courts look to pertinent federal precedent in applying FEHA in employment discrimination cases given that FEHA is modeled after federal antidiscrimination statutes.  *See Guz v. Bechtel Nat., Inc.*, 24 Cal. 4th 317, 354, 100 Cal. Rptr. 2d 352, 8 P.3d 1089 (2000); *see also Lyle v. Warner Bros. TV Prods.*, 38 Cal. 4th 264, 279 (2006).

1   Once a plaintiff establishes a prima facie case of
2   discrimination, the burden shifts to the defendant to articulate
3   a legitimate nondiscriminatory reason for the adverse employment
4   action.  *McDonnell Douglas,* 411 U.S. at 802-803.  If the
5   defendant meets this burden of production, the burden shifts back
6   to the plaintiff to establish that defendant's proffered reason
7   was a pretext for discrimination.  *See St. Mary's Honor Ctr. v.*
8   *Hicks*, 509 U.S. 502 (1993).  "The ultimate burden of persuading
9   the trier of fact that the defendant intentionally discriminated
10  against the plaintiff remains at all times with the plaintiff."
11  *Id.*

12  In seeking summary judgment, Defendant argues that
13  Plaintiff's claim for discrimination must fail to the extent she
14  alleges conduct occurring more than one year predating the filing
15  of her DFEH complaint as those events are time barred.  Defendant
16  further avers that Plaintiff cannot prevail on this claim because
17  the employment actions of which she complains were not motivated
18  by discriminatory animus, but rather, by legitimate non-
19  discriminatory reasons.

20

21  **A.   Time Bar**

22

23  Plaintiff has alleged Defendant engaged in discrimination
24  when she suffered discriminatory comments and actions as well as
25  termination based on largely, if not solely, on her sexual
26  orientation.  Defendant rebuts that any claims for injury
27  occurring more than a year prior to the filing of her DFEH
28  complaint are time barred.  The Court agrees.

8

1   Employees who believe they have suffered discrimination
2   under FEHA may file complaints with the DFEH within a one-year
3   period.  Cal. Gov't Code § 12960; *see also Schifando v. City of*
4   *L.A.*, 31 Cal. 4th 1074, 1081-1082 (Cal. 2003).  Plaintiff alleges
5   discrimination based on numerous acts occurring from 2002,
6   through her ultimate termination in July, 2005.  If a plaintiff,
7   as is the case here, chooses to seek relief based on a series of
8   discrete acts flowing from a systematic, discriminatory practice,
9   the plaintiff cannot succeed in establishing an employer's
10  liability for acts occurring outside the limitations period.
11  Specifically, the Supreme Court has determined that each incident
12  of discrimination, whether or not related, constitutes a separate
13  actionable unlawful employment practice.  *See AMTRAK v. Morgan*,
14  536 U.S. 101, 112 (2002); *Lyons v. England*, 307 F.3d 1092, 1107
15  (9th Cir. 2002).  The Court further held that "discrete
16  discriminatory acts are not actionable if time barred, even when
17  they are related to acts alleged in timely filed charges."
18  *AMTRAK*, 536 U.S. at 112.

19      It is undisputed that Plaintiff filed her claim with the
20  DFEH on or about September 12, 2005.  Given the one year time
21  limit, all acts of alleged discrimination arising before
22  September 12, 2004, are time barred.  Accordingly, Defendant's
23  Motion for Summary Judgment as to all claims occurring prior to
24  September 12, 2004, is hereby granted.
25  ///
26  ///
27  ///
28  ///

9

**B.   Discriminatory Motive**

As noted supra, Plaintiff claims she was subjected to discrimination when comments evidencing animosity toward gay and lesbian employees were made to her; when Beall refused to tender a letter of recommendation on her behalf; when Plaintiff received an unwarranted Corrective Action; and when Plaintiff was ultimately terminated from Defendant's employ.  Of these claims, only one isolated comment and Plaintiff's termination fall within the actionable period.  Accordingly, only those claims will be addressed below.

Plaintiff easily establishes three of the four elements of her prima facie case.  Specifically, she is a member of the protected class of gay and lesbian employees, she was performing her work to her employer's expectations and she suffered adverse employment actions.  What Defendant challenges is the causal connection between those adverse employment actions and Plaintiff's sexual orientation.  In essence, Defendant contends its actions were not motivated by discriminatory animus.

A plaintiff must offer evidence that "give[s] rise to an inference of unlawful discrimination." *Tex. Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981).  Proof of discriminatory intent may be direct, circumstantial or inferred from statistical evidence, and all evidence that the plaintiff submits can contribute to the inference in a cumulative manner.  *See Stender v. Lucky Stores*, 803 F. Supp. 259, 319 (N.D. Cal. 1992).
///

1   Here, Plaintiff has submitted evidence that heterosexual
2   employees impermissibly engaged in relationships with other
3   Starbucks staff were not terminated.  Rather, they were
4   transferred to other stores or given warnings.  In addition,
5   Plaintiff provides statements from a number of Starbucks'
6   management that no other employee has been terminated on grounds
7   of violating the "Close Relationship Policy" that was the main
8   ground for Plaintiff's termination.  *See* Plf.'s Resp. to Def.'s
9   Sep. Stmt. of Undis. Mat. Facts # 128-138.  Defendant rebuts that
10  the examples cited by Plaintiff are examples of dissimilarly
11  situated employees making them irrelevant to this analysis.

12  At this stage in the litigation, very little proof is needed
13  to establish a prima facie case.  *Yartzoff v. Thomas*, 809 F.2d
14  1371, 1375 (9th Cir. 1987).  "The plaintiff need only offer
15  evidence which 'gives rise to an inference of unlawful
16  discrimination.'"  *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889
17  (9th Cir. 1994) (citations omitted).  Here, Plaintiff has
18  presented evidence tending to show she was treated disparately
19  from her counterparts.  That proof, while insufficient to prove
20  her case in chief, is sufficient to satisfy her burden of
21  production for purposes of this Summary Judgment Motion.

22
23  **C.   Legitimate Reasons for Adverse Employment Actions**
24
25  Defendant next argues that the adverse employment actions it
26  took were legitimate and warranted.  Specifically, Defendant
27  alleges it terminated Plaintiff because she knowingly violated a
28  number of its personnel policies.

Specifically, Defendant presents evidence that Plaintiff violated its close relationship, conflict of interest, and antiharassment policies as well as its core values.  Plaintiff concedes she was aware of those policies and was aware that dating a partner over whom she had direct supervisory responsibility would pose a conflict of interest.

The Court finds the foregoing sufficient to meet Defendant's burden of production that it had a legitimate, nondiscriminatory reason for terminating Plaintiff.  Given that Defendant has carried its burden, Plaintiff now is charged with raising a material issue of fact that the Defendant's proffered nondiscriminatory reason is mere pretext.

**b.     Pretext**

At this point, Plaintiff must offer substantial evidence that the employer's stated nondiscriminatory reason for the adverse action was untrue or pretextual, or evidence the employer acted with a discriminatory animus, or a combination of the two, such that a reasonable trier of fact could conclude the employer engaged in intentional discrimination.  *Morgan v. Regents of Univ. of Cal.,* 88 Cal. App. 4th 52, 75 (2000).  An employee in this situation cannot simply show the employer's decision was "wrong, mistaken, or unwise."  *Id.*  Rather, the employee must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable fact finder could rationally find them "unworthy of credence."  *Id.*

1    Plaintiff can prove pretext indirectly, by showing
2  Defendant's proffered explanation is internally inconsistent or
3  otherwise not believable, or directly, by showing that unlawful
4  discrimination more likely motivated the employer. *See Raad v.*
5  *Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1194 (9th
6  Cir. 2003) (quoting *Chuang v. Univ. of Cal. Davis*, 225 F.3d 1115,
7  1127 (9th Cir. 2000).  The Court should consider all of this
8  evidence, whether direct or indirect, cumulatively. *Chuang*, 225
9  F.3d at 1127.  When the only evidence challenging the veracity of
10 the employer's proffered motives is circumstantial, however, the
11 plaintiff must produce "specific, substantial evidence of
12 pretext" to create a triable issue of fact. *Godwin*, 150 F.3d at
13 1221.

14   Plaintiff concedes she was aware of the policies regarding
15 conflicts of interest, anti-harassment and close relationships.
16 It is undisputed that her conduct of dating Ms. McKay was a
17 violation of the conflicts of interest policy and close
18 relationship policy.  However, Plaintiff contends this Court
19 should deny Defendant's Motion for Summary Judgment on the ground
20 that Plaintiff was not in violation of those policies at the time
21 of her termination.  The Court is not persuaded.  A violation of
22 the policy whether at the precise time of her termination or
23 immediately before is nonetheless a violation.  That said,
24 Defendant cannot rebut the fact that Plaintiff's partner and
25 supervisee, Ms. McKay, was not terminated for violating the
26 identical policies at the identical times that Plaintiff violated
27 those policies.  This fact indicates some other motive at work in
28 Defendant's decision to terminate Plaintiff.

1    The Court need not speculate as to what, if any, latent
2  motive may have combined with Plaintiff's violation of the
3  foregoing policies to incite Defendant to terminate Plaintiff.
4  It is sufficient that the Court finds an issue of material fact
5  as to whether Defendant's motive was legitimate and
6  nondiscriminatory or combined with an unlawful motive.  In either
7  event, the Court finds summary judgment inappropriate as to this
8  claim.  Accordingly, Defendant's Motion for Summary Judgment as
9  to Plaintiff's claim of discrimination in violation of FEHA is
10 improper and hereby denied.

11

## II.  Retaliation

13

14   Generally, in order to establish a prima facie case of
15 retaliation under FEHA, a plaintiff must show (1) he or she
16 engaged in a protected activity, (2) the employer subjected the
17 employee to an adverse employment action, and (3) a causal link
18 existed between the protected activity and the employer's action.
19 *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005)
20 (internal citations and quotations omitted).

21   Once an employee establishes a prima facie case, the
22 employer is required to offer a legitimate, non-retaliatory
23 reason for the adverse employment action.  *Id.* (citing *Morgan,*
24 88 Cal. App. 4th at 68).  If the employer produces a legitimate
25 reason for the adverse employment action, the presumption of
26 retaliation is removed, and the burden shifts back to the
27 employee to prove intentional retaliation.  *Yanowitz*, 36 Cal. 4th
28 at 1042.

14

1    **A.    Prima Facie Case**

2

3        Plaintiff alleges she engaged in the protected activity of

4   complaining to Starbucks' management regarding disparaging

5   remarks made to her.  Specifically, Plaintiff alleges she

6   complained to various members of management on at least four

7   occasions about ill comments regarding her sexual orientation.

8   In order to be deemed protected activity, Plaintiff need only

9   have communicated to the Defendant her reasonable concerns that

10  it had acted or was acting in an unlawful discriminatory manner.

11  *Id.* at 1046.  The Court finds that Plaintiff engaged in protected

12  activity when she verbalized in early 2005, her view that

13  Defendant's conduct was discriminatory.

14      Neither party contends, nor could they, that Plaintiff did

15  not suffer an adverse employment action.  To be sure, Plaintiff's

16  termination constitutes adverse employment action.  *See e.g.*

17  *Thomas v. City of Beaverton*, 379 F.3d 802, 811 (9th Cir. 2004).

18  The salient inquiry here is whether Plaintiff's termination is

19  causally related to her protected activity.  "The causal link

20  between a protected activity and the alleged retaliatory action

21  'can be inferred from timing alone' when there is a close

22  proximity between the two."  *Id.* at 812 (citing *Villiarimo v.*

23  *Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002)).

24      Plaintiff alleges she was terminated as a result of her

25  protected activity.  At least one complaint occurred as

26  proximately as one month before Plaintiff's termination.  At this

27  stage in the litigation, that proximity in time is sufficient to

28  infer a retaliatory nexus.

15

Viewing the facts in the light most favorable to Plaintiff, as this Court must, the Court finds sufficient evidence to meet Plaintiff's burden of production.  Accordingly, Defendant's Motion for Summary Judgment on this claim is denied.

**B.    Pretext**

Once an employee establishes a prima facie case, the employer is required to offer a legitimate, nonretaliatory reason for the adverse employment action.  *Brooks v. City of San Mateo,* 229 F.3d 917, 928 (9th Cir. 2000)*; Yanowitz*, 36 Cal. 4th 1028 (citing *Morgan,* 88 Cal. App. 4th at 68).  If the employer produces a legitimate reason for the adverse employment action, the presumption of retaliation is removed, and the burden shifts back to the employee to prove intentional retaliation.  *Brooks,* 229 F.3d at 928; *Yanowitz*, 36 Cal. 4th at 1042 (internal citations and quotations omitted).

Again, Defendant points to Plaintiff's violation of the close relationship policy as well as the conflicts of interest policy as legitimate reasons for Plaintiff's termination.  As noted above, the Court finds this explanation sufficient to satisfy Defendant's burden.  Consequently, the presumption of retaliation drops from the case and the burden shifts back to Plaintiff to introduce evidence from which the Court could conclude that Defendant's proffered explanation was pretextual. *See Burdine*, 450 U.S. 256 n. 10.

///

///

1      Plaintiff has provided uncontroverted evidence that she

2  complained of the comments made regarding her sexual orientation

3  and their vexing effect on her working environment.  She further

4  provided evidence that her termination was proximately related to

5  those complaints given the very short time between her last

6  complaint and her termination.  Analyzed as either a

7  straightforward "pretext" case or a mixed motives case, the

8  record reveals that there is a material issue of fact as to

9  whether Plaintiff's protected activity motivated, at least in

10  part, Defendant's decision to terminate her.  Given this finding,

11  Plaintiff is entitled to a trial on this claim for retaliation in

12  violation of FEHA.  Accordingly, Defendants' Motion for Summary

13  Judgment on this claim is denied.

14

15  **III. Termination in Violation of Public Policy**

16

17      In California, at-will employees may bring a tort action for

18  wrongful discharge if their employer discharges them for a reason

19  that violates fundamental public policy.  *Nelson v. United*

20  *Techs.*, 74 Cal. App. 4th 597, 608 (Cal. Ct. App. 1999) (internal

21  citations omitted).  A public policy satisfying the requirements

22  of this tort "must be (1) supported by either statutory or

23  constitutional provisions; (2) public, in the same sense that the

24  policy 'inures to the benefit of the public' rather than serving

25  merely the individual's interests; (3) have been articulated at

26  the time of the discharge; and (4) be substantial and

27  fundamental. [Citation]"  *Id.* at 608-609 (citing *Gantt v. Sentry*

28  *Ins.*, 1 Cal. 4th 1083, 1095, 4 Cal. Rptr. 2d 874 (1992).

Courts have held that FEHA's provisions prohibiting
discrimination may provide the policy basis for a claim of
wrongful discharge in violation of public policy. *Phillips v.
St. Mary Reg'l Med. Ctr.*, 96 Cal. App. 4th 218, 227 (2002).  In
addition, given that the violation of the underlying statutory
provision is a predicate for relief under the tort of termination
in violation of public policy, courts have held that the legal
standard for both are identical. *Nelson*, 74 Cal. App. 4th at
613, fn 4.

Defendant argues that since it has taken the position that
Plaintiff cannot prevail on her FEHA claims, neither can she
prevail on this claim.  Likewise, Plaintiff argues that there are
material issues of fact in both her FEHA claims as well as this
claim precluding summary judgment.

Both Parties' arguments depend on the Court's earlier
conclusion that there are material issues of fact with respect to
whether Defendant's proffered nondiscriminatory reasons for
Plaintiff's termination are mere pretext.  Because the Court has
found such issues to exist in this matter, the Court finds this
claim too survives Defendant's Motion for Summary Judgment.
Consequently, Defendant's Motion for Summary Judgment as to this
claim is denied.

///
///
///
///
///
///

**IV.  Negligent Supervision, Training and Retention**[3]

Plaintiff's fourth cause of action prays for relief for her employer's failure to take reasonable steps to prevent discrimination and retaliation from occurring in violation of FEHA under section 12900, *et seq*.  In fact, FEHA makes it unlawful "for an employer ... to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring." Cal. Gov't Code § 12940(k).

The California Supreme Court has stated that FEHA "makes it a separate unlawful employment practice" for an employer to violate section 12940(k).  *State Dept. of Health Servs. v. Super. Ct.*, 31 Cal. 4th 1026, 6 Cal. Rptr. 3d 441, 79 P.3d 556 (2003). Numerous other California courts have recognized a separate cause of action against an employer for failure to investigate or take reasonable steps to prevent harassment or discrimination under section 12940(k).  *See, e.g., Tritchler v. County of Lake*, 358 F.3d 1150, 1155 (9th Cir. 2003) (holding the district court did not abuse its discretion in requiring a finding of actual discrimination before a violation of section 12940(k) becomes actionable) (citing *Trujillo v. North County Transit Dist.*, 63 Cal. App. 4th 280, 283-84, 73 Cal. Rptr. 2d 596 (1998));

///

---

[3]While Plaintiff couches this cause of action as one for "Negligent Hiring, Supervision, Training, and Retention" under Cal. Gov't Code § 12940(k), various courts including this one have construed a violation of Section 12940(k) as an action for "Failure to Prevent Unlawful Discrimination, Harassment and Retaliation."  *See e.g. Alaniz v. Peppercorn,* 2007 U.S. Dist. LEXIS 32694 (D. Cal. 2007).  Accordingly, this claim shall be discussed by the Court in those terms.

1  *Northrop Grumman Corp. v. Workers' Comp. Appeals Bd.*, 103 Cal.

2  App. 4th 1021, 1035, 127 Cal. Rptr. 2d 285 (2002) ("Prompt

3  investigation of a discrimination claim is a necessary step by

4  which an employer meets its obligation [under section

5  12940(k)]").

6      Defendant argues that because Plaintiff's discrimination and

7  retaliation claims fail, this claim too must fail.  For the

8  reasons previously discussed, Plaintiff's FEHA claims of

9  discrimination and retaliation survive summary judgment.  Given

10 that finding, there is a genuine issue of material fact regarding

11 whether, in the event the jury concludes Plaintiff did suffer

12 discrimination and retaliation, Defendant violated section

13 12940(k) by failing to prevent the same.  Consequently,

14 Defendant's Motion for Summary Judgment on this claim is denied.

15

16 **V.   Negligence and Negligent Infliction of Emotional Distress**

17

18     Plaintiff alleges she is entitled to damages for the

19 negligent conduct of Defendant that resulted in her severe

20 emotional distress.  Defendant avers that there was no

21 discrimination nor retaliation.  Consequently, Defendant

22 contends, no claim for negligence can stand.  The Court agrees,

23 albeit on different grounds, that these claims cannot proceed.

24     As an initial matter, the California Supreme Court has

25 clarified there is no independent tort of "negligent infliction

26 of emotional distress."  *Potter v. Firestone Tire & Rubber Co.*, 6

27 Cal. 4th 965, 984 (1993); *see also Delfino v. Agilent Tech.*,

28 Inc., 145 Cal. App. 4th 790, 796 (2006).

The tort is negligence. *Potter*, 6 Cal. 4th at 984.  In addition,
there is no duty to avoid negligently causing emotional distress
to another unless the defendant has assumed a duty to plaintiff
in which the emotional condition of the plaintiff is an object.
*Id.*  Recovery is available only if the emotional distress arises
out of the defendant's breach of some other legal duty and the
emotional distress is proximately caused by [breach of the
independent duty].  *Id.*  Even then, with rare exceptions, a
breach of the duty must threaten physical injury, not simply
damage to property or financial interests.  *Id.*

Plaintiff's allegations that Defendant breached its duty by
negligently and carelessly allowing the insensitive and unlawful
discrimination and retaliation against Plaintiff is untenable for
the following reasons.  First, even assuming the existence of a
special relationship as between employer and employee, Plaintiff
cannot show that this relationship gives rise to a duty.
Specifically, there is no evidence that Plaintiff's emotional
well being is, or should be, an object of concern vis-a-vis
Defendant.  Rather, the relationship between Plaintiff and
Defendant has as its primary object the payment of wages in
exchange for the performance of obligations.  More importantly,
recovery is not available to Plaintiff in this instance as the
alleged breach of duty did not threaten physical injury to
Plaintiff.  Lastly, California courts have held that an
employer's supervisory conduct is inherently "intentional."
*Semore v. Pool*, 217 Cal. App. 3d 1087, 1105 (1990) (citations
omitted).  Such intentional conduct will not support a claim for
negligence.  *Id.*

1  Consequently, Defendant's Motion for Summary Judgment on both
2  Plaintiff's negligence claim as well as her purported negligent
3  infliction of emotional distress claim are granted.

4

5                            **CONCLUSION**

6

7      For the reasons set forth above, Defendant's Motion for
8  Summary Judgment as to Plaintiff's claim for discrimination is
9  granted in part and denied in part.  Defendant's Motion for
10 Summary Judgment as to Plaintiff's claims for retaliation and
11 termination in violation of public policy are denied.
12 Defendant's Motion for Summary Judgment as to Plaintiff's claim
13 for negligence and her purported claim for negligent infliction
14 of emotional distress are granted.
15     IT IS SO ORDERED.
16
   Dated: May 17, 2007
17
18                                    _____
19                                    MORRISON C. ENGLAND, JR.
                                      UNITED STATES DISTRICT JUDGE
20
21
22
23
24
25
26
27
28

                                22