UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PAMELA LYNN RUX,

          Plaintiff,

    v.

STARBUCKS CORPORATION, a Washington Corporation,

          Defendant.

2:05-CV-02299-MCE-EFB

MEMORANDUM AND ORDER

    Through the present action, Plaintiff Pamela Lynn Rux alleges Defendant Starbucks Corporation ("Defendant") discriminated against her based on her sexual orientation in violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12900 *et seq.*; retaliated against her in violation of Cal. Gov't Code § 12940; wrongfully terminated her in violation of public policy; engaged in negligent hiring, supervision, training and retention; committed negligence; and engaged in negligent infliction of emotional distress.[1]

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. (continued...)

1

1 Through this Motion, Plaintiff has moved the Court to strike
2 Defendant's reply as untimely.  For the reasons set forth below,
3 Plaintiff's Motion is denied.

## BACKGROUND

The Court has already set forth a detailed factual background for this action in its Summary Judgment Order docketed herewith, which is incorporated by reference.  Mem. & Order 2-4.

## STANDARD

"A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'  [citation omitted] ... Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).  If a party fails to obey a pretrial scheduling order, the Court may properly strike a party's pleading.  Fed. R. Civ. P. 16(f), 37(b)(2)(C).

///
///
///
///

---

[1](...continued)
Local Rule 78-230(h).

1    Nonetheless, Federal Rule of Civil Procedure 16(f) empowers
2 the Court to sanction violations of a scheduling order.
3 Specifically, the Rule provides that "[i]f a party or party's
4 attorney fails to obey a scheduling or pretrial order ... the
5 judge, upon motion or the judge's own initiative, may make such
6 orders with regard thereto as are just.  Fed. R. Civ. P. 16(f);
7 *see also Navellier v. Sletten*, 262 F.3d 923, 947 (9th Cir. 2001).

## ANALYSIS

11    Plaintiff contends that the appropriate sanction for
12 Defendant failing to timely file its Reply is to exclude
13 Defendant's Reply and all supporting documents.  Defendant
14 concedes that a clerical error resulted in its Reply being
15 untimely filed.  Defendant further contends that the sanction of
16 exclusion would be a harsh remedy given that Plaintiff has
17 suffered no prejudice as a result of the foregoing error and
18 public policy would dictate that Defendant be permitted to reply
19 to Plaintiff's Opposition in this matter.  The Court agrees.
20     As Rule 16 clarifies, the Court may impose such orders as
21 are just to remedy violations of its' Pretrial Scheduling Order.
22 As a means of assessing the appropriate sanction, the Court may
23 consider the following factors: (1) the public's interest in the
24 expeditious resolution of litigation; (2) the court's need to
25 manage its docket; (3) the risk of prejudice to the party seeking
26 sanctions; (4) the public policy favoring disposition of cases on
27 their merits; and (5) the availability of less drastic
28 sanctions."

*Rio Props., Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1022 (9th Cir. 2002).[2]

In the present action, the Court finds the foregoing factors weigh in favor of considering Defendant's Reply and the supporting documents submitted therewith. Specifically, there is no risk of prejudice to Plaintiff given that the delay does not affect her. Similarly, the Court finds that permitting the disposition of this matter on the merits with all relevant evidence will be better served by considering Defendant's Reply and supporting documents, albeit untimely.

**CONCLUSION**

The Court finds it appropriate to consider Defendant's Reply given the lack of prejudice that would result as well as the great preference of courts to dispose of issues on the merits.

IT IS SO ORDERED.

Dated: May 17, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[2] The *Rio* case addressed the suitability of dismissal as a sanction for failing to comply with discovery orders. While not expressly on point, the Court finds the central issues raised in both instances analogous. Therefore, the Court shall consider the factors set forth in *Rio* to assess the suitability of exclusion of Plaintiff's experts here.

4